FILED
SUPERIOR COURT
OF GUAM

2021 OCT 20 PM 5: 13

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,      )

            vs.      )

CHRIS JUNIOR ANDERSON
TEDTAOTAO,
*aka* Chris Anderson Tedtaotao, Jr.,
DOB: 03/07/1992 or 09/07/1992

          Defendant.      )

**CRIMINAL CASE NO.: CF0276-21**
GPD Report Nos.: 21-134993/21-13558

**DECISION AND ORDER:**
**Defendant's Motion to Dismiss**
**The First and Second Charges or in the**
**Alternative for a Bill of Particulars**

### I. INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on June 29, 2021 for a hearing on Defendant Chris Junior Anderson Tedtaotao's ("Defendant") Motion to Dismiss the First and Second Charges or in the Alternative for a Bill of Particulars (the "Motion"). Alternate Public Defender Heather Zona was present and argued the Motion on behalf of Defendant. Assistant Attorney General Alysa Draper-Dehart represented the People of Guam (the "People"). At the conclusion of hearing, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001 (Jan. 14, 2005) and 13-003(C)(May 13, 2013).

Upon consideration of the parties' oral arguments during the hearing, the record on file with the court, and applicable legal authority, the Court now issues this Decision and Order

DENYING IN PART and GRANTING IN PART Defendant's Motion to Dismiss the First and Second Charges or in the Alternative for a Bill of Particulars.

## II.    BACKGROUND AND FACTS

Defendant Chris Junior Anderson Tedtaotao ("Defendant") was indicted on June 14, 2021, for the following charges:

1. Interfering with the Reporting of Family Violence (As a 3rd Degree Felony);
2. Felony Escape (As a 3rd Degree Felony); and
3. Family Violence (As a Misdemeanor).

Defendant asserted his Right to a Speedy Trial on June 23, 2021, at his Arraignment; however, he filed the instant Motion to Dismiss on June 29, 2021, and for the reasons set forth in its *Order Vacating Jury Selection and Trial and Tolling Speedy Trial (Pending Motion to Dismiss)*, the Court found good cause to vacate jury selection and trial while the Motion to Dismiss was pending.[1] In his Motion to Dismiss, Defendant argued that the First and Second charges should

---

[1] On July 6, 2021, the Court issued its *Order Vacating Jury Selection and Trial and Tolling Speedy Trial (Pending Motion to Dismiss)*. In this Order, the Court found good cause to vacate the asserted trial schedule in this case because the dismissal of these charges would result in two of three charges against the Defendant being fully adjudicated and, therefore, inured to the benefit of the Defendant. *Id.* at 2 (citing to *People v. Guerrero*, 2017 Guam 5 ¶ 17 (additional citations omitted) and *Carver v. Superior Court of Guam*, 1998 Guam 23 (Nov. 17, 1998))("delay caused by the conduct of the defendant constitutes good cause, as does delay for the defendant's benefit or delay from unforeseen circumstances…the fact that a defendant refuses to waive his right to a speedy trial is not significant where good cause for the delay is apparent on the face of the record."). Defendant's counsel filed a Notice of Objection to Resetting Trial Date and Tolling of Speedy Trial (July 6, 2021) and the People responded by filing the People's Reply Brief to Defendant's Notice of Objection to Resetting Trial Date and Tolling of Speedy Trial (July 13, 2021). The Court did not respond to Defendant's Notice of Objection except to note it for the record; however, this Court did not and does not consider the mere filing of Defendant's motion to dismiss to "automatically justify delay" of Defendant's right to a speedy trial and this Court continued to act diligently in promptly disposing of the motion within the deadline set forth in the applicable Administrative Rules 06-001 and 13-003. *Compare, Nicholson v. Superior Court of Guam*, 2007 Guam 9 (Oct. 10, 2007)(the trial court issued its decision on Defendant's motion to dismiss 284 days after taking it under advisement and the Supreme Court found that such amount of time was unreasonable and did not constitute good cause)(but *see fn. 7* in which the Supreme Court cited to 7 GCA § 4101(e)(1)(2005) and Administrative Rule No. 06-001 providing that "where a motion is taken under advisement a decision on the motion must be issued within ninety days" and further noting that Adm. Rule No. 06-001 was not in effect at the time the trial court took the motion in *Nicholson* under advisement).

Thus, in considering the requirement set forth in *Carver* that "good cause" must be established from the face of the record, the Court submits that the record sets forth the Court's reasoning in finding "good cause" and further finds support in the 90 and 120 day deadlines set forth in Administrative Rule No. 06-001 and confirmed in Administrative Rule No. 13-003. These Administrative Rules promulgated by the Guam Supreme Court establish by

be dismissed with prejudice because the Prosecution has failed to allege facts sufficient, on the face of the Indictment, to support the charges. Mot. at 6. Specifically, Defendant argues the averments in the Indictment: (1) failed to give the Defendant sufficient notice of the charges against him "with sufficient clarity to allow him to maintain an adequate defense and to bar subsequent prosecution for the same offense," and (2) failed to set forth "the essential facts that support that allegation." Mot. at 4, 5. Moreover, Defendant argues that more than simply articulating the language of the statute is required, and the charging document must also set forth the essential facts necessary to apprise the defendant of the crime charged. Mot. at 5.

In its Response, with respect to the First Charge of Interfering with the Reporting of Family Violence (As a 3rd Degree Felony), the People contend that the Indictment, together with the Magistrate's Complaint and Declaration which is a part of the Magistrate's Complaint, provide adequate notice to the Defendant, as required under the principles of due process. *See* People's Resp. to Defendant's Mot. to Dismiss (July 2, 2021). The People also requested the that the Court dismiss the Second charge without prejudice so that it may charge the offense separately as a Misdemeanor "because the facts charged would be better served in its own

---

affirmation the reasonable amount of time justifying "good cause" for delay of a Defendant's speedy trial for the purpose of considering a Defendant's dispositive motion. *Nicholson* at fn. 7. Moreover, as the record reflects in this case, the Defendant asserted his right to speedy trial on June 25, 2021, and the Court immediately set Jury Selection and Trial in this matter to commence on July 14, 2021 – well within the 45 day time set forth in 8 GCA § 80.60. On June 29, 2021, Defendant filed his Motion to Dismiss, the People filed its Opposition on July 2, 2021, Defendant filed his Reply on July 8, 2021, and the Court scheduled an In Person hearing on the Motion to Dismiss for July 29, 2021. In between the several filings, the Defendant filed numerous pleadings, including several motions in limine unrelated to the Motion to Dismiss (between July 2, 2021 to July 6, 2021), a Notice of Objection to Resetting Trial Date and Tolling of Speedy Trial (July 6, 2021), and an Ex Parte Motion for Bail Redetermination Hearing (July 16, 2021)(which was subsequently withdrawn on August 8, 2021). On the eve of the July 29 scheduled hearing on Defendant's Motion to Dismiss, Defendant filed a *Brief in Further Support of His Motion to Dismiss and In Opposition to Prosecution's Motion to Quash Subpoenas* (Jul 28, 2021). Despite this filing, which was not submitted in compliance with the Rules of Criminal Procedure, the Court proceeded to hear Defendant's Motion as scheduled. On July 29, 2021, the Court took the matter Under Advisement pursuant to Administrative Rule 06-001 and Administrative Rule 13-003 and now issues the instant Decision and Order in advance of the 90-day deadline set forth in the Administrative Rules.

complaint as it was a separate course of conduct and because no prejudice would have occurred to the Defendant at this time." Response at 8.

## III. LAW AND ANALYSIS

Guam law states that, "[t]he indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense and shall be signed by the prosecuting attorney." 8 GCA § 55.10. "An indictment which tracks the words of the statute charging the offense "is sufficient as long as the words unambiguously set forth all the elements of the offense." *People v. Torres*, 2014 Guam 8 ¶ 20. "A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

The Guam Supreme Court has held that an indictment is sufficient where it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense. *Guam v. Jones*, 2006 Guam 13, ¶ 12, (referencing *People v. Salas*, 2000 Guam 2 ¶ 19). Additionally, when determining whether a request for a bill of particulars is appropriate, the court must consider whether the defendant has been adequately advised of the charges through the indictment and all other disclosures made by the government. *Long*, 706 F.2d at 1054.

### a. The First Charge: Interfering with the Reporting of Family Violence

The Defendant argues that insufficient facts have been alleged charging him with Interfering with the Reporting of Family Violence (as a 3rd Degree Felony) under 9 GCA §§ 30.300(a) and (c). *Mot. to Dismiss*, p. 1–2. The Indictment alleges that the Defendant intentionally, knowingly, or recklessly prevented or attempted to prevent a witness to an act of

family violence from calling 911, obtaining medical assistance, or making a report to any law enforcement official. *Indictment* (June 14, 2021).

Defendant argues that this charge is improper because according to the Declaration filed with the Magistrate's Complaint as well as the discovery provided to the Defendant to date, the evidence shows that the witness was able to contact 911 to report the family violence and the Defendant did not take his phone back until after the call had been made. *Mot. to Dismiss*, p. 3. The Defendant argues that interfering with the reporting of family violence as charged is factually impossible due to the fact that the report of family violence was completed. Hrg. Min. 3:18:56PM (June 29, 2021). However, this argument misapprehends the language of the statute.

The Indictment charges the Defendant as follows:

"On or about the 3rd day of June 2021, in Guam, CHRIS JUNIOR ANDERSON TEDTAOTAO (aka Chris Anderson Tedtaotao Jr.) did commit the offense of Interfering with the Reporting of Family Violence (As a 3rd Degree Felony), in that he did commit an act of family violence and he intentionally, knowingly, or recklessly prevented or attempted to prevent J.M.C. (DOB 05/30/2009) or a witness to that act of family violence from calling a 911 emergency communication system, obtaining medical assistance, or making a report to any law enforcement official, in violation of 9 GCA § 30.300(a) and (c)."

9 GCA § 30.300(a) states:

(a) Any person commits the crime of interfering with the reporting of family violence if the person:
    (1) commits an act of family violence, as defined in § 30.10 of this Chapter; and
    (2) intentionally, knowingly, or recklessly prevents or attempts to prevent the victim of or a witness to that act of family violence from calling a 911 emergency communication system, obtaining medical assistance, or making a report to any law enforcement official.

Here, the charge in the Indictment of interfering with the reporting of family violence directly follows the language of the statute charging the offense. Specifically, the charge in the Indictment states that:

1. On or about the 3rd day of June,
2. In Guam,
3. Committed an act of family violence,
4. Then he knowingly, intentionally, or recklessly *prevented or attempted to prevent* J.M.C. (DOB 05/30/2009) (a witness to that act of family violence) from calling a 911 emergency communication system.

(emphasis added).

Defendant appears to require that the Indictment state the specific action undertaken by the Defendant in preventing or attempting to prevent the reporting of the crime, however, this is not required under 8 GCA § 55.10. In fact, the Declaration filed with the Magistrate's Complaint and which is in the Defendant's possession clearly alleges that the Defendant grabbed the phone away from J.M.C. when J.M.C. contacted emergency services and that when the victim tried running to the police for help, the Defendant struck the top of her head repeatedly. *Decl. to Mag. Compl.* (June 5, 2021). As Guam law provides, "attempt" is defined as follows: "A person is guilty of an attempt to commit a crime when, with intent to engage in conduct which would constitute such crime were the circumstances as he believes them to be, he performs or omits to perform an act which constitutes a substantial step toward commission of the crime." 9 GCA §§ 30.10(d) and 13.10. Thus, even if the facts as alleged by the Defendant are considered in the light favorable to his argument, there is sufficient notice provided to him that the charge is based upon both preventing and *attempting to* prevent J.M.C. from making the call.

The Court finds that the charge as stated in the Indictment contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense.

If the Defendant did not, in fact, actually attempt to prevent the 911 call, then that is a factual determination left to the jury to make. Additionally, Defendant has been informed of the crime alleged because Defendant already has articulated a potential defense to one of the elements of the crime alleged. The charge is also specific enough in regard to time and date of the alleged offense that subsequent prosecution for the same offense will not happen. Dismissal of the First Charge of Interfering with the Reporting of Family Violence (As a 3rd Degree Felony) is not appropriate under these circumstances.

The Defendant argues that the Indictment charges the Defendant with intentionally, knowingly, or recklessly *attempting* to prevent the victim of or a witness to the act of family violence from calling a 911 emergency communication system and that attempting to prevent something is impossible if it has already happened. Hrg. Min. 3:17:09PM (June 29, 2021). The Defendant likened this situation to one where someone attempts to prevent a marriage from taking place but shows up after the couple has been married, arguing that the person can no longer attempt to prevent something that has already occurred. Hrg. Min. 3:27:34PM (June 29, 2021). The Court finds this analogy to be unpersuasive.

9 GCA § 30.300(a)(2) states that any person commits the crime of interfering with the reporting of family violence if the person intentionally, knowingly, or recklessly prevents OR attempts to prevent the victim of or a witness to that act of family violence from calling a 911 emergency communication system. The Defendant's argument might be persuasive if the statute did not allocate for the *attempt* to prevent a call to 911. The Defendant is being charged with intentionally, knowingly, or recklessly attempting to prevent a call, not for preventing a call to 911. There is no indication from the record that the Defendant knew that a call had already been made when he grabbed the phone from J.M.C. Further, although this is not charged as an

inchoate crime, the Court finds the statutes regarding attempt to be persuasive, specifically 9 GCA § 13.15 which states that in a prosecution for an attempt, it is no defense that it was impossible to commit the crime. Although Defendant is not being prosecuted for an attempt to commit a crime, he is being charged with attempting to prevent a reporting of family violence, and the impossibility of preventing the report does not negate an attempt to do so.

**b. Bill of Particulars is not warranted.**

A bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). When determining whether a request for a bill of particulars is appropriate, the court must consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. *Id.* at p. 1054. The purpose of a bill of particulars is to "apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." Id. See also *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).

The Court has found that the Indictment adequately advises the Defendant of the charges because it has sufficiently alleged each element of the offense and informs the Defendant of the crime. Additionally, in determining whether further clarification is needed, the Court also may consider the other disclosures made by the government.

The People assert in their Response to the Motion that enough specificity as to the charges against the Defendant has been provided. In particular, the People reference the Declaration filed with the Magistrate's Complaint that the charges are based on a specific altercation in which the Victim attempted to run to the police for help but the Defendant stopped her. Also indicated in the Declaration is that while J.M.C. was on the phone with the 911

dispatcher, Defendant attempted to grab the phone. *People's Resp. to Mot. to Dismiss* at p. 2–3 (July 2, 2021); *Ex. A to Def.'s Ntc. of Exhibit to Mot. to Dismiss* (Jul. 29, 2021). Additionally, the People indicate that Defense counsel was provided with the police reports upon which the Indictment as presented to the Grand Jury is based and as such has been provided further disclosures and clarification regarding the allegations in this case. *Id.* at p. 3. The Court also finds that the Defendant has the Guam Police Report which contains a narrative of the actions allegedly committed by the Defendant which form the basis of the First Charge. In fact, Defendant provided this redacted report to the Court as its Defendant's Notice of Exhibit to Motion to Dismiss (Jul. 29, 2021). In it, the narrative states: "Dispatch further relayed that the reporting person is a 12 year old male minor who reported that his father assaulted his mother and while speaking with the minor, *the father took the phone away from the minor.*" *Ex. A to Ntc.* (emphasis added). Thus, the Court finds that the Defendant has adequate notice of the essential facts which form the basis of the charges in the Indictment sufficient to prepare for his defense. Consequently, the Court hereby DENIES Defendant's Motion to Dismiss the FIRST CHARGE and further DENIES Defendant's motion for a Bill of Particulars because, considering all the disclosures made by the Government, the Defendant has been adequately apprised of the charge against him.

**c. The Second Charge: Felony Escape**

The Defendant argues in regard to the Second Charge of Felony Escape (as a 3rd Degree Felony) under 9 GCA §§ 58.10 and 58.20(a), insufficient facts have been alleged because the Indictment states that he intentionally or knowingly escaped a detention facility where he was in custody upon a felony charge or conviction. *Mot. to Dismiss* at p. 3. Defendant argues that a "detention facility" is defined as any place used pursuant to an order of the court and any place to

which a person ordered to be confined to a detention facility pursuant to paragraph (1) has been or is being lawfully taken for purposes of labor, court appearance, recreation, medical or hospital care, transit or similar purpose under 9 GCA § 58.10(b). *Id.* In this case, there was no order confining Defendant to Guam Behavioral Health and Wellness Center ("GBHWC") from where he then allegedly escaped. Defendant was arrested and then taken to GBHWC but no commitment order had been filed ordering his confinement at GBHWC (this charge was not initially charged in the Magistrate's Complaint, but the People state that this was alleged in the discovery). *Id.*

The People object to the dismissal of the Second charge *with prejudice* and instead request for dismissal without prejudice so that they may refile the second charge as a misdemeanor in a separate action. *People's Resp. to Mot. to Dismiss* at p. 3. In fact, the People have already filed this action as CM0233-21, charging the Defendant with Ordinary Escape (As a Misdemeanor). Thus, although there is sufficient basis to dismiss the Second Charge without prejudice for this reason, the Court considers further good cause to deny the Motion to Dismiss with prejudice.

Under 8 GCA § 80.70(a), the prosecuting attorney may, with leave of court, file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave. 8 GCA § 80.70(a).

Here, the People have requested dismissal of the second charge of the indictment stating that the facts charged would be better served in its own complaint as it was a separate course of

conduct and argue that no prejudice would have occurred to the Defendant at this time. *People's Resp. to Mot. to Dismiss* at p. 8. Currently, the Second Charge is being charged as a 3rd degree felony, if the dismissal without prejudice occurs, the People intend to refile it as a misdemeanor which would not prejudice the Defendant, which the People have already done.

### d. Dismissal Without Prejudice of Second Charge of Felony Escape

8 GCA § 80.70(a) is modeled in part after Rule 48(a) of the Federal Rules of Criminal Procedure, as such, the interpretation of Fed. Rule Crim. Pro. 48(a) is persuasive in interpreting 8 GCA § 80.70(a). See *People of Guam v. Gutierrez*, 2005 Guam 19. In determining whether the charge should be dismissed with or without prejudice the court considers whether the People have brought the request for dismissal with good faith or bad faith. *People of Guam v. Gutierrez*, 2005 Guam 19, ¶ 51. The circuit courts have universally held that the prosecution is entitled to a presumption of good faith when bringing a Rule 48(a) motion, and the motion should generally be granted as a matter of course. *Id.* at ¶ 52 (citing *United States v. Dyal*, 868 F.2d 424, 428 (11th Cir.1989). The presumption of good faith is rebutted upon a showing of bad faith on the part of the People. *Id.* at ¶ 53. Good faith may be rebutted by showing that prosecutorial misconduct or harassment has occurred or that the prosecution has acted in a way contrary to the public interest. See *Id.* at ¶¶54–55.

Here, the Defendant has not shown that the People are acting in bad faith requesting dismissal without prejudice to refiling. The People also assert that their basis for dismissing and refiling is to bring a new case for a lesser charge with a declaration and Magistrate's Complaint related only to that offense which would be dismissed. In fact, the People have already filed the charge as a misdemeanor in CM0233-21, which is assigned to the Honorable Vernon Perez and in which a Motion to Dismiss With Prejudice is pending. *See, Def.'s Mot. to Dismiss With*

*Prejudice* (Oct. 7, 2021). The second charge in this matter is also factually separate from the other family violence related charges and would not be redundant or create inefficiencies in the adjudication of the charge as a separate offense.

Based on the People's representations as to their basis for bringing the charge as a separate action and no showing of bad faith on the part of the People in dismissing the charge, and further because the Court takes judicial notice of Criminal Case No. CM0233-21 which charges Defendant with the offense of Ordinary Escape (As a Misdemeanor), the Court GRANTS the Dismissal of the Second Charge of FELONY ESCAPE (As a 3rd Degree Felony) WITHOUT PREJUDICE.

Having only properly before it the Defendant's Motion to Dismiss the First and Second Charges or in the Alternative for a Bill of Particulars, the Court shall not consider the Defendant's new arguments as presented in the untimely filed Defendant's Brief in Further Support of his Motion to Dismiss with to the People's purported inability to meet their burden of proof in this matter. Similarly, the Court will not address the People's Motion to Quash the Defendant's Subpoenas which are in reference to the new arguments made in the Defendant's Brief. Should Defendant wish this Court to consider a separate basis justifying dismissal of the Indictment against him, he must do so in compliance with the applicable rules and notice requirements provided under the Local Rules of the Superior Court of Guam and applicable Guam Rules of Criminal Procedure.

## IV. CONCLUSION

For these reasons, the Court hereby **DENIES** Defendant's Motion to Dismiss with regard to the First Charge of INTERFERING WITH THE REPORTING OF FAMILY VIOLENCE (As a 3rd Degree Felony) and **GRANTS IN PART** the Defendant's Motion to Dismiss the Second

Charge of FELONY ESCAPE (as a 3rd Degree Felony), and DISMISSES this charge WITHOUT PREJUDICE.

The trial of this matter shall commence with Jury Selection on **November 3, 2021**, at **10:00 AM**. Pre-trial Conference shall be held on **October 25, 2021, at 9:30 AM.** Concurrently with this Decision and Order, the Court shall issue an Asserted Criminal Trial Scheduling Order setting forth relevant deadlines and dates in this case.

**SO ORDERED** this 20th day of October, 2021.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
\_\_\_\_AG & APD\_\_\_\_



OCT 2 1 2021   10 17 AM
Date            Time
**Cynthia T. Tiong**
Deputy Clerk, Superior Court of Guam